IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK RINGLAND,<br><br>                Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>                Defendant. | **8:21CV481**<br><br>**MEMORANDUM<br>AND ORDER** |

      On February 22, 2022, the court entered an order (Filing 18) which granted Plaintiff leave to proceed in forma pauperis ("IFP") and directed him to pay an initial partial filing fee of $12.71 within 30 days, based upon an average monthly trust account balance of $63.58 (Filing 17). Plaintiff has since filed motions requesting that the court waive all filing fees because he is in federal custody with only $0.35 in his institutional account and is unable to obtain prison work due to COVID restrictions. (Filing 20.) Alternatively, he requests a one-year extension of time within which to file his initial partial filing fee. (Filing 21.)

      Under the Prison Litigation Reform Act ("PLRA"), an indigent inmate who files a lawsuit in federal court must pay the $350.00 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments. The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee. It is also well-established in this circuit that "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (refusing to consider petition for writ of mandamus filed by prisoner who was not eligible for installment payments under 28 U.S.C. § 1915(b), directing court clerk to dismiss petition with prejudice if filing fee was not paid in

full within 15 days, and holding that prisoner would still be assessed full filing fee even if petition was dismissed). "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Plaintiff's request for a waiver of the filing fee therefore will be denied.

Although the court cannot waive the $350.00 filing fee, the PLRA provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Therefore, this matter will be permitted to proceed to initial review without full payment of the initial partial filing fee of $12.71. However, the court will direct Plaintiff's institution to withdraw from his inmate account any portion of the initial partial filing fee available and transmit it to the clerk of the district court.[1] *See Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000). "Even if the account balance is under ten dollars, the custodial institution must still forward payments to the district court to pay the initial partial filing fee as the ten-dollar rule of § 1915(b)(2) is applicable only after the initial partial filing fee is paid." *Id*. Once any available portion of the initial partial filing fee is paid, this matter shall proceed as if the entire initial partial filing fee had been paid. *See id*. Thereafter, Plaintiff's institution shall continue to withdraw from Plaintiff's account all funds deposited into the account

---

[1] By filing his Complaint in this court, Plaintiff has consented to the assessment of fees and withdrawal of funds from his account by prison officials to pay those fees. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *disapproved of on other grounds by Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997) ("As the Prison Litigation Act makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, *see In re Tyler*, 110 F.3d at 529-30, we conclude that by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court. Furthermore, the prisoner waives any objection to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs. A prisoner has a duty to cooperate during the litigation.").

as they become available and transmit the funds to the clerk of the district court until the entire $12.71 initial partial filing fee is paid. *See id.*

After payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the court as provided in 28 U.S.C. § 1915(b)(2) (i.e. monthly payments of 20 percent of the preceding month's income credited to Plaintiff's inmate account each time the amount in that account exceeds $10.00).

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion to waive payment of the initial partial filing fee (Filing 20) is granted in part and denied in part, as follows:

   a. This matter will proceed to initial review without full payment of the initial partial filing fee.

   b. However, Plaintiff shall still be required to pay the initial partial filing fee as funds exist. Effective immediately, **Plaintiff's institution shall withdraw from his inmate account any portion of the initial partial filing fee available and transmit it to the clerk of the district court within 30 days of the date of this order.** Plaintiff's institution shall continue to withdraw from Plaintiff's account all funds deposited into the account as they become available and transmit the funds to the clerk of the district court until the entire $12.71 initial partial filing fee is paid.

   c. After payment of the initial partial filing fee of $12.71, Plaintiff's institution shall collect monthly payments from Plaintiff's account in the manner set forth in 28 U.S.C. § 1915(b)(2) and forward those payments to the clerk of the court.

3

      d.      In all other respects, Plaintiff's motion (Filing 20) is denied.

2.      Because Plaintiff's institution has been ordered to withdraw from Plaintiff's inmate account any portion of the initial partial filing fee available and transmit it to the clerk of the district court within 30 days of the date of this order, Plaintiff's motion to extend the time within which to pay the initial partial filing fee (Filing 21) is granted for 30 days in order to accommodate such payment.

3.      The clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

4.      The clerk's office is directed to set a pro se case management deadline in this case using the following text: **April 8, 2022**: initial partial filing fee, or any portion thereof, due.

5.      Plaintiff is advised that, following payment of any portion of his initial partial filing fee, the next step in Plaintiff's case will be for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. The court will conduct this initial review in its normal course of business.

DATED this 9th day of March, 2022.

                                                            BY THE COURT:

                                                            *Richard G. Kopf*

                                                            Richard G. Kopf
                                                            Senior United States District Judge