IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARK RINGLAND,

            Plaintiff,

vs.

GOOGLE LLC,

            Defendant.

8:21CV481

MEMORANDUM
AND ORDER

    This matter is before the court for case management. The Prison Litigation Reform Act requires an imprisoned civil plaintiff to pay the court's entire filing fee, either at the outset when filing the complaint, or in installments if the court grants leave to proceed in forma pauperis ("IFP"). *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

    On March 9, 2022, the court granted in part Plaintiff's motion seeking to waive payment of the initial partial filing fee, ordering that this matter could proceed to initial review without full payment of the initial partial filing fee of $12.71. The court directed Plaintiff's institution to withdraw from his inmate account any portion of the initial partial filing fee available and transmit it to the clerk of the district court within 30 days. The court further instructed that Plaintiff's institution shall continue to withdraw from Plaintiff's account all funds deposited into the account as they become available and transmit the funds to the clerk of the district court until the entire $12.71 initial partial filing fee is paid. (Filing 23.) To date, Plaintiff has not paid the initial partial filing fee or asked for an extension of time in which to do so. Accordingly, the court will require Plaintiff to show cause why this case should not be dismissed for his failure to pay any portion of the initial partial filing fee.

    If Plaintiff's failure to pay by the court's deadline was caused by prison officials' failure to adhere to his request to remit payment using funds from his

account or other circumstances beyond his control, his failure to pay within the time ordered by the court will be excused. Absent a sufficient response, the case will be subject to dismissal. *See Taylor v. Cassady*, 570 Fed. App'x. 632 (8th Cir. 2014) (holding district court abused its discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account").

Plaintiff has also filed several Motions, which will be denied for the following reasons:

Filings 9, 10, 13, 16: These "Motions" are in the nature of amendments to the Complaint, which were filed without the court's permission and in violation of the Local Rules. *See* Fed. R. Civ. P. 15(a) (party may amend its pleading once as a matter of course within 21 days after serving it or after service of responsive pleading or Rule 12 motion; otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave"); NEGenR 1.3(g) ("Unless stated otherwise, parties who proceed pro se are bound by and must comply with all local and federal procedural rules.").

Filing 14: Plaintiff's Motion to Engage in Discovery will be denied because before this matter may proceed, Plaintiff is required to pay a portion of an initial partial filing fee, as discussed above. Once payment is made, the court is required to review Plaintiff's Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). No discovery may take place in this case unless the court first determines during initial review that this matter may proceed to service of process.

Filing 19: This February 22, 2022, Motion to "forgive the lateness" in transmitting Plaintiff's account information to the court will be denied as moot, as such information was filed with the court on February 18, 2022, (Filing 17) and the court used that information to calculate Plaintiff's initial partial filing fee. (Filing 18.)

Filing 22: It is unclear what Plaintiff is requesting in his "Motion to Turn States Evidence Civil and Criminal." Plaintiff mentions that he testified in his 28 U.S.C. § 2255 case; he would like to testify on behalf of the United States and "turn states Evidence Against Google LLC for Fraud, and Purjury"; and "If Discovery was done in Defendants trial. The outcome would have been different." (Filing 22.) Plaintiff's Motion will be denied because he cannot proceed simultaneously under both 42 U.S.C. § 1983 and 28 U.S.C. § 2255. *Anderson v. United States of Am. Fed. Ct. E. Dist. of Missouri*, No. 4:21-CV-1214, 2021 WL 4860931, at *3 (E.D. Mo. Oct. 18, 2021) ("The Court cannot vacate plaintiff's criminal judgment and sentence through a civil rights lawsuit" (citing *Heck v. Humphrey*, 512 U.S. 477, 486 (1994))).

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days to show cause why this case should not be dismissed for failure to pay the initial partial filing fee. In the absence of cause shown, this case will be dismissed without prejudice and without further notice.

2. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: May 26, 2022—check for response to show-cause order.

3. The Motions filed by Plaintiff in Filings 9, 10, 13, 14, 16, 19, and 22 are denied.

DATED this 26th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge