IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK RINGLAND, | |
| Plaintiff, | **8:21CV481** |
| vs. | |
| GOOGLE LLC, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on various motions filed by Plaintiff, each of which will be addressed below.

## I. BACKGROUND

This case was dismissed on June 2, 2022, without prejudice for failure to pay any portion of the Court's initial partial filing fee and for failure to comply with a court order. Filing No. 26. Judgment was entered the same date. Filing No. 27. Plaintiff's appeal to the Eighth Circuit Court of Appeals from this Court's judgment was dismissed for lack of jurisdiction as untimely on September 2, 2022, and the mandate issued on October 28, 2022. Filing No. 34; Filing No. 43.

On September 22, 2022, Plaintiff filed a document labeled as "Civil Action" which the Court docketed as a motion. Filing No. 40. Senior District Court Judge Richard G. Kopf denied Plaintiff's motion on September 26, 2022, because the case was closed and the appeal completed and advised Plaintiff "that because this case was dismissed without prejudice, he may file his 'Civil Action' anew, and it will be assigned a new case number." Filing No. 41.

Following Judge Kopf's retirement, Plaintiff filed what the Court has docketed as a Motion for Civil Action Anew, Filing No. 47; a Motion to Reopen Case, Filing No. 49; a Motion to Proceed in Forma Pauperis ("IFP"), Filing No. 51; a Motion for Civil Action Anew, Filing No. 54; and a Motion for Status, Filing No. 56.[1]  This matter has been reassigned to the undersigned.

## II. PENDING MOTIONS

**A. Motions to Reopen Case and for Civil Action Anew, Filing Nos. 47, 49, & 54**

In Filing No. 47, Filing No. 49, and Filing No. 54, Plaintiff asks the Court to grant him a "'civil action' anew" and provide him a new case number.  Plaintiff appears to have misunderstood the Court's advisement in the September 26, 2022 Memorandum and Order denying his motion for a "Civil Action."  Filing No. 41.  What the Court meant by its advisement that Plaintiff "may file his 'Civil Action' anew" is that Plaintiff may file a new case against Google LLC by submitting a new civil complaint that does *not* include the case number for the present case since this case has been dismissed without prejudice and is now closed.  If Plaintiff submits a new complaint, a new case will be opened and the Clerk of the Court will assign a case number.[2]  Plaintiff is advised that he will be obligated to pay the full filing fee for any new civil case he files pursuant to the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

---

[1] Plaintiff also filed a Motion for Order to Stop Payment Collection, Filing No. 57, which is the subject of a separate order.

[2] The Court notes that Plaintiff currently has a pending civil case at Case No. 8:22CV273, in which the United States is named as the defendant and which appears to relate to the same subject matter at issue in the present case.  Plaintiff filed his Complaint in 8:22CV273 on August 1, 2022, followed by an Amended Complaint on September 19, 2022, which is currently awaiting initial review by the Court.  Filing Nos. 1 & 15, Case No. 8:22CV273.

2

To the extent Plaintiff seeks relief from the judgment in this case, his motion is governed by Federal Rule of Civil Procedure 60(b).  Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances."  *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

The Court has carefully reviewed the record and finds Plaintiff has not demonstrated any legitimate reason why relief from the Court's judgment of dismissal would be warranted under subsections (b)(1)–(5) of Rule 60, nor has he presented any "extraordinary circumstances" justifying relief under Rule 60(b)(6).  Thus, the Court will deny Plaintiff's motions to the extent they seek to reopen this case.

**B. Motion to Proceed IFP, Filing No. 51**

On January 9, 2023, Plaintiff filed a motion "to proceed forward in forma pauperis." Filing No. 51.  Plaintiff was previously granted leave to proceed IFP in this Court and on appeal.  See Filing No. 18; Filing No. 31.  Plaintiff has paid both the filing fee and the appellate filing fee.  Filing No. 53 at 3–4.  Accordingly, Plaintiff's motion to proceed IFP at this juncture is denied as moot.

**C. Motion for Status, Filing No. 56**

On February 7, 2023, Plaintiff filed correspondence with the Court which was docketed as a motion for status. Filing No. 56. Plaintiff appears to inquire about the status of his "anew case no. on Ringland v. Google." *Id*. For the reasons explained in section II.A above, Plaintiff will only receive a new case number if he files a new civil complaint reasserting his claims against Goggle LLC. Plaintiff's motion for status is, thus, granted, and this Memorandum and Order serves as notice of the status of this matter.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motions to Reopen Case and for Civil Action Anew, Filing No. 47; Filing No. 49; Filing No. 54, are denied to the extent Plaintiff seeks relief from the judgment in this case.

2. Plaintiff's Motion to Proceed IFP, Filing No. 51, is denied as moot.

3. Plaintiff's Motion for Status, Filing No. 56, is granted, and this Memorandum and Order serves as notice of the status of this matter. This matter is closed and Plaintiff should refrain from filing any further documents in this case.

Dated this 24th day of February, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge